OPINION OF THE COURT
George D. Burchell, J.
This is an article 78 proceeding to review the determination *313 of the respondents and to compel them to provide school bus transportation to the child of the petitioner.
In September, 1977, the petitioner was informed that the respondents would provide transportation to students attending the schools within the district based upon a classification which had for its formula, mileage according to grades. In particular, the notice stated that all students in grades 5-6 who live one and one-half miles or more from school and all students in grades 7-12 who live two miles or more from school were eligible for transportation. The petitioner’s child started attending the seventh grade this September and was denied transportation because of ineligibility due to mileage.
The petitioner lives 2.1 miles from the middle school, and the pickup point is 1.8 miles from the school. The street upon which the petitioner lives is alleged to be a private road, which is paved and has village services. It appearing that the road has not been accepted by the village as of this time.
Subdivision 1 of section 3635 of the Education Law provides: “Sufficient transportation facilities * * * shall be provided by the school district for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of the best interest of such children. Such transportation shall be provided for all children attending grades kindergarten through eight who live more than two miles from the school which they legally attend and for all children attending grades nine through twelve who live more than three miles from the school which they legally attend * * * the distances in each case being measured by the nearest available route from home to school * * * Transportation for a lesser distance than two miles in the case of children attending grades kindergarten through eight or three miles in the case of children attending grades nine through twelve * * * if provided, shall be offered equally to all children in like circumstances residing in the district.”
By letter dated September 6, 1977, the petitioner requested that his daughter be allowed to continue boarding the school bus at the pickup point. It is apparent that the petitioner’s other daughter, who attends the sixth grade in the same school, is allowed transportation to the school because the distance, as measured by the school district, is more than one and one-half miles. Further, it is alleged by the petitioner and *314 not disputed by the respondents, that there is sufficient room upon the buses provided to accommodate the older child. Also, it is not disputed that the buses must continue past the pickup point to get other students and then the buses must return via the same route because of the road network.
The decision of the respondents denying the petitioner’s request is clearly arbitrary. No argument or facts have been advanced which would support the classification as set down in the September, 1977 notice of the director of transportation. To allow the buses to pick up one child and not the other, both going to the same school, without any indication that an inclusion into the category would result in a financial burden to the district is clearly arbitrary and capricious. The statute provides that once a school district undertakes to provide transportation, it must be offered equally to all children in like circumstances. This kind of situation is clearly within the mandate of the statute.
The court notes that the argument of the respondents, with regard to the question presented as to the distance to be used herein but is of the opinion that it is without merit. The statute provides that school district must provide transportation for all children attending grades kindergarten through eight who live more than two miles from the school and the two miles is to be measured by the nearest available route from home to school. The distance shall not. be from the designated pickup point but from the home of the child because the statute’s use of the word "lives”. To the extent that the respondents rely upon the argument that children live upon a private road, the court finds that their argument is also without merit.
The length of the road from the home to the pickup point, if the road is in fact a private road, which the court has serious factual reservations about in view of the submissions herein, should be considered in determining eligibility under the statute. The statute provides that the distance shall be measured by the nearest available route. The interpretation that all private roads are to be excluded from the measured distance is incorrect. The definition of available routes does not necessarily exclude private roads. The formula provided for in the statute has for its basis the distance the child must travel and not the distance the bus must travel. The availability of any given route means the availability to the child. The fact that a school bus cannot or is not allowed to travel on any *315 given road is of no consequence in arriving at the total measurement.
Accordingly, the petitioner is entitled to a judgment annulling the respondents’ determination and directing the respondents to furnish the petitioner’s child transportation from the present pickup point to the school.